IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
KYNA HUBBARD,                              x
                                           :
      Plaintiff,
                                           :     Civil Action File No.
vs.                                              1:17-cv-
                                           :
WILLOW WOOD
NURSING CENTER, INC,                       :

      Defendant.                           :
---------------------------------------------x
```

## COMPLAINT

Plaintiff, Kyna Hubbard, by and through her counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for her Complaint, respectfully alleges as follows:

PARTIES

1.

Plaintiff, Kyna Hubbard, (hereinafter "Plaintiff" or "Ms. Hubbard") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant, Willow Wood Nursing Center, Inc. (hereinafter "Defendant" or "Willow Wood") is a domestic corporation doing business in the Northern District of Georgia.

1

3.

On information and belief, the registered agent for service of process on Defendant is Robert Hagan, 995 Canton Street, Suite 100, Roswell, GA 30075.

## JURISDICTION

4.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

5.

Defendant Willow Wood is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiff's employment.

6.

On information and belief, Defendant Willow Wood is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times and continuing, Willow Wood is engaged in the operation of a hospital, and/or of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

7.

On information and belief at all relevant times and continuing, Willow Wood had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

8.

Plaintiff was individually covered by the FLSA as she utilized the instrumentalities of commerce while she performed her job duties for Defendant.

VENUE

9.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

NATURE OF THIS ACTION

10.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## FACTS

11.

Plaintiff, Kyna Hubbard was employed by Defendant from on or about November 2014 to in or about February 2017.

12.

Ms. Hubbard was employed as a Licensed Practical Nurse. Ms. Hubbard did not supervise any employees at any time.

13.

Throughout the time that Ms. Hubbard was employed by Defendants, she regularly worked in excess of forty (40) hours per week.

14.

Despite the fact that Ms. Hubbard worked more than forty (40) hours per week on a regular basis, Defendant did not pay Ms. Hubbard overtime pay for any of that overtime.

15.

Throughout the time that Ms. Hubbard was employed by Defendants, she regularly worked in excess of eighty (80) hours in fourteen (14) day periods.

16.

Despite the fact that Ms. Hubbard worked more than eighty (80) hours in fourteen (14) day periods on a regular basis, Defendant did not pay Ms. Hubbard overtime pay for any of that overtime.

CAUSE OF ACTION
Violation of 29 U.S.C.§216(b)
(Fair Labor Standards Act [FLSA])
(Failure to Pay Overtime)

17.

Plaintiff incorporates the allegations of ¶¶1 – 16 to the same force and effect as if pled herein.

18.

Defendant repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

19.

Plaintiff was regularly compelled to work more than 80 hours in fourteen (14) day periods, but was not paid overtime compensation as required under the FLSA.

20.

Defendant repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, to work for fourteen (14) day periods in excess of eighty (80) hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Plaintiff was regularly compelled to work more than eighty (80) hours in a fourteen (14) day period but was not paid overtime compensation as required under the FLSA.

22.

Plaintiff was not an exempt employee under the FLSA.

23.

Defendant's violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

24.

Defendant owes Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

(a) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(d) Award Plaintiff such further and additional relief as may be just and appropriate; and

(e) Plaintiff demands TRIAL BY JURY.

This 15th day of August 2017.

                                        s/ROBERT N. MARX
                                        Robert N. Marx, Esq.
                                        Georgia Bar No. 475280
                                        Jean Simonoff Marx, Esq.
                                        Georgia Bar No. 475276
                                        Marx & Marx, L.L.C.
                                        5555 Glenridge Connector
                                        Suite 200

Atlanta, Georgia 30342
Telephone: (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiff