IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Kyna Hubbard,

                Plaintiff,      Case No. 1:17-cv-03076

v.                                   Michael L. Brown
                                     United States District Judge

Willow Wood Nursing Center, Inc.,

                Defendant.

_____/

## ORDER

Before the Court is Defendant Willow Wood Nursing Center, Inc.'s Motion for Summary Judgment (Dkt. 45). The Court grants Defendant's motion.

## I.    Factual Background

Defendant employed Plaintiff Kyna Hubbard as a Licensed Practical Nurse from November 2014 until February 2017. (Dkt. 1 ¶¶ 11, 18.) As one of Defendant's employees, Plaintiff worked different shifts with different pay rates throughout the week. (Dkts. 49-1 ¶¶ 2–4; 52 ¶¶ 2–4.) She sued Defendant, alleging it violated the Fair Labor Standards Act ("FLSA") by failing to compensate her properly for

overtime she worked. (Dkt. 1 ¶ 23.) She also claims Defendant's violations were systematic, voluntary, and willful. (*Id.* ¶ 18.)

Essentially, Plaintiff questions Defendant's calculation of her overtime. This arises mainly from a mismatch between the pay week and the pay period. Defendant's "work week" or "pay week" runs from Wednesday until Tuesday. (Dkts. 49-1 ¶ 10; 52 ¶ 10.) But Defendant maintains bi-monthly pay periods that run from the 1st of each month through the 15th, and then from the 16th of the month to the end of each month. (Dkts. 49-1 ¶ 8; 52 ¶ 8.) That means that any given pay period might reflect time worked from only a portion of a pay week on either end of the pay period.

Plaintiff goes to great length in her submitted disputed facts inventorying a sample of paychecks where the hours shown are greater than eighty hours, but overtime pay shows as zero. (Dkt. 49-1 ¶¶ 12–29.) But these paychecks provide no evidence that Plaintiff worked more than forty hours in any given seven-day pay week, only that the record shows she worked that many hours in the pay *period*. (Dkt. 51 at 5 ("Plaintiff still fails to understand how Willow Wood accounts for and pays its employees overtime.").) And Plaintiff otherwise makes no argument and

points to no evidence that Defendant's records are inaccurate or inadequate.

Defendant contends that it provided Plaintiff in discovery with more than five-hundred pages of documents, "which in one form or another show[ ] all of Plaintiff's hours worked by shift, day, work week, and pay period." (*Id.* at 12.) In response, Defendant asked Plaintiff to identify each pay period for which she alleges she worked more than forty hours, the number of hours she worked by shift for these forty hours-plus pay periods, the amount she alleges Defendant owed her and how she calculated that figure, and the amount she alleges Defendant improperly failed to pay her and how she reached that figure. (Dkt. 45-3 ¶¶ 5.) Plaintiff "objected" generally to each interrogatory, "on the ground that it is not proportional to the needs of the case, considering the parties' relative access to relevant information and the parties' resources." (*Id.*) She, however, did not identify any of the time, hours, days, or amount she alleges Defendant improperly withheld.

Defendant also asked her to admit or deny that she did not follow the Grievance Procedure set forth in the employee handbook. (*Id.* ¶ 6.) In response, she issued a "general objection" and claimed that she needed

3

Defendant's supplementation of its document production to deny the statement. (*Id.*) She issued the same general objection to Defendant's request for admissions that she can identify neither all the hours she worked by shift nor the amounts owed to her for those shifts. (*Id.*)

Defendant contacted Plaintiff about the deficiencies in her discovery responses, but Plaintiff failed to fix them. (*Id.* ¶¶ 7–11.) Defendant then presented the discovery dispute to the Court for assistance in resolving the deficiencies. (*Id.* ¶ 12.) The Court ordered Plaintiff to supplement her responses, but she never provided the required and requested information. (*Id.* ¶¶ 13–18.)

The Court notes that Plaintiff largely ignored the local rules about summary judgment. For instance, Local Rule 56.1B requires a nonmovant to refute directly each of a movant's facts with concise responses and specific citations to evidence. LR 56.1(B)(2)(a)(2), NDGa. Plaintiff did not do so. The Court thus considers each of Defendant's facts admitted. *See* LR 56.1B(2) ("This Court will deem each of the movant's facts as admitted unless the respondent . . . directly refutes the movant's fact with concise responses supported by specific citations to evidence . . . ."); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009)

("Plaintiff[']s failure to comply with local rule 56.1 is not a mere technicality."); *see also Smith v. Mercer*, 572 F. App'x 676, 678 (11th Cir. 2014) (noting that district court properly found defendants' facts admitted under Local Rule 56.1 where plaintiff responded to facts without including citations to evidence of record).

This determination, however, does not discharge Defendant's burden at summary judgment. The Court must still review the evidence to determine whether, based on the undisputed facts, Defendant is entitled to judgment as a matter of law. *Mann*, 588 F.3d at 1303 (citing *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008)).

Plaintiff did, however, file her own statement of disputed facts that she claims preclude summary judgment. (Dkt. 49-1.) It has many problems. *See* LR 56.1(B)(2)(b), NDGa. First, many of Plaintiff's alleged facts are actually arguments, statements of issues, or legal conclusions. (*Id.* ¶¶ 65, 69 ("Defendant has not paid Ms. Hubbard all of the overtime that she earned. (Dispute [sic] Facts Nos. 12–29, 67, 68). [sic]").) "But if the 'facts' are really facts, they should be put forward as such without interstitial argumentation." *Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958) (objecting to party's attorney's attempt

to be "the personal vehicle by which the 'undisputed' facts are put before the [c]ourt").[1] Second, Plaintiff supports a large portion of her facts with citations to a declaration her attorney and his paralegal provided. (*See, e.g.*, Dkt. 49-1 ¶¶ 30–38, 47–48, 60–64, 68.) As discussed below, those declarations are improper and inadmissible. The Court has not considered any facts unsupported by other record evidence. Finally, several of Plaintiff's citations to the record (primarily citations to Defendant's 30(b)(6) deponent's testimony) do not support the facts asserted. And, the Court has found no other evidence to support them. The Court thus declines to consider any of Plaintiff's facts that do not comply with the Local Rules. LR 56.1(B), NDGa.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact that a jury should decide at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When a plaintiff has the burden of proof at trial, a moving party meets this burden merely by " 'showing'—that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 322–23, 325. The movant, however, need not negate the other party's claim. *Id.* at 323. In determining whether the moving party has met this burden, a court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the movant has adequately supported its motion, the nonmoving party then has the burden of showing that summary

judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, there is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* But "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. The court, however, resolves all reasonable doubts in the favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

### III. Analysis & Discussion

Under the FLSA, an employee who has worked overtime without pay may bring a private action for damages. *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (citing 29 U.S.C. § 216(b)). To establish an unpaid-overtime claim, an employee-plaintiff must show two elements: (1) she performed overtime work for which her employer did not properly pay her; and (2) the employer knew or should have known of the unpaid overtime work. *Id.*; *see Jackson v. Corrs. Corp. of Am.*, 606 F. App'x 945, 952 (11th Cir. 2015) (per curiam). Defendant argues that

it is entitled to summary judgment because Plaintiff failed to establish these two elements of an unpaid-overtime claim and so no genuine dispute of material fact exists. (Dkt. 45-1 at 2.) The Court agrees.

### A. Whether Plaintiff Worked Overtime Without Compensation

Under the FLSA, employers have a duty to keep records of their employees' wages, hours, and other conditions of employment. But "if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes, the solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1315, 1315 (11th Cir. 2007) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Instead, if an employer's records are inaccurate or inadequate, courts in this circuit apply a relaxed burden-shifting scheme. *Estrada v. FTS USA, LLC*, No. 1:14-CV-23388-KMM, 2016 WL 6157989, at *3 (S.D. Fla. Oct. 24, 2016) (citing *Anderson*, 328 U.S. at 688). So for instance, "in situations where the employer's records cannot be trusted and the employee lacks documentation, . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was

9

improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Allen*, 495 F.3d at 1316 (quoting *Andersen*, 328 U.S. at 687).

Even applying the relaxed burden-shifting scheme here, however, Plaintiff has failed to carry her burden of establishing that she worked uncompensated overtime. Although she alleges generally in her complaint that she worked more than forty hours per week, she cannot identify any competent evidence of record to support this claim. She has produced no evidence "to show the amount and extent of that work as a matter of just and reasonable inference," let alone "sufficient evidence." *See id.* at 1318.

In support of its motion for summary judgment, Defendant points to Plaintiff's deficient responses to its interrogatories and requests for admissions. (Dkt. 45-1 at 18.) For example, in response to Defendant's interrogatories requesting information on her calculation of damages for alleged unpaid overtime, Plaintiff responded with a "general objection[,] . . . on the ground that it is not proportional to the needs of the case." (Dkt. 45-3 ¶ 5.) Plaintiff never substantively responded to Defendant's requests, even after extensions of the discovery period. She

never supplemented her responses to provide any calculation of damages, beyond referring to the "good faith estimate" in her initial disclosures. (Dkt. 49-1 ¶ 67.) But that "good faith estimate" is not evidence. The Court finds that Plaintiff has never produced, throughout discovery and its extensions, any admissible evidence that she ever worked overtime hours but was not properly compensated.

The only evidence Plaintiff now proffers are two declarations — one from her attorney and one from her attorney's paralegal — attached as exhibits to her response brief. (Dkts. 49-2; 49-14.) In these declarations, the two individuals working on Plaintiff's behalf claim to have worked out where Plaintiff's overtime compensation fell short. They say they did this by printing out calendars from 2014 through 2017 and matching up the timecards Defendant produced during discovery with the pay periods. (Dkt. 49-14 ¶¶ 2–5.) Plaintiff's attorney, however, concedes in his affidavit that, while he and his paralegal claim to have calculated overtime Defendant *should have paid* Plaintiff for certain weeks, they lack the information to determine whether Defendant actually paid that overtime. (Dkts. 49-2 ¶ 22.) The paralegal agrees. (Dkt. 49-14 ¶ 11.)

These admissions prevent Plaintiff from relying on her legal team's affidavits to avoid summary judgment.[2]

And more importantly, these declarations are not based on personal knowledge, a basic tenet of sworn testimony used in supporting or opposing a motion for summary judgment. *See* FED. R. CIV. P. 56(c)(4) (requiring that an affidavit or declaration used to support or oppose a motion be made "on personal knowledge" and "show that the affiant or declarant is competent to testify on the matters stated"). These two legal representatives of Plaintiff's have no idea "with any clarity or precision the number of hours [Plaintiff] allegedly worked, the amount or nature of that work, where or when the work was completed, or anything else

---

[2] Plaintiff's attorney spends much of his affidavit complaining of Defendant's incomplete discovery responses or allegedly dilatory conduct during the discovery period. He claims Defendant never produced pay stubs, that they are readily available, and that they will help establish the overtime Defendant failed to pay. At the parties' requests, the Court twice extended the discovery period. (*See* May 17, 2018, Docket Entry and Dkt. 35.) The Court also conducted a telephonic conference to address discovery issues. (*See* Dkt. 34.) The attorney's complaints involve conduct that allegedly occurred after the discovery conference and during the second extension. Plaintiff never returned to the Court to raise an issue or seek a further extension of the discovery period, raising the issue for the first time in response to Defendant's motion for summary judgment. The Court refuses to re-open discovery.

that would assist a factfinder in approximating [her] unpaid overtime." *See Jackson*, 606 F. App'x at 952. Again, their after-the-fact arithmetic is not competent evidence creating a dispute of material fact, particularly when they admit the analysis is not complete.

These declarations are doubly improper as they were prepared by Plaintiff's counsel and his assistant, witnesses who are not competent to testify in this proceeding. *See West v. Bartow Cty.*, No. 4:15-CV-0168-HLM, 2017 WL 5339994, at *4 n.6 (N.D. Ga. Sept. 7, 2017) ("The Court also notes, for the benefit of Plaintiff's counsel, that an attorney should not expect to serve both as counsel and as a fact witness in the same action."); *Warshauer v. Chao*, No. 4:06-CV-0103-HLM, 2008 WL 2622799, at *1 (N.D. Ga. May 7, 2008) (disregarding a plaintiff's attorney's affidavit opposing a motion for summary judgment and recognizing that a court "generally frowns upon attorneys serving as both advocates and witnesses in the same case"); *see also* GA. R. PROF. CONDUCT 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."). The Court disregards these two self-serving declarations as improper and inadmissible.

13

Without these two declarations, however, Plaintiff presents nothing to support her claim that Defendant improperly compensated her for overtime hours. The Court notes that Plaintiff includes extensive charts in her response brief. (Dkts. 49 at 2–5; 49-1 ¶ 68.) But like the declarations from her attorney and his paralegal, the charts do not constitute the type of evidence from which the Court could draw a reasonable inference in Plaintiff's favor about the amount of uncompensated overtime hours worked. Nothing ties those figures to anything of substance in the record and Plaintiff does not even attempt to do so, instead citing only to her legal counsel's declarations. There is nothing in the record showing how Plaintiff arrived at these totals or on what basis. *See Segraves v. AGCO, Inc.*, No. 1:17-CV-1997-TWT, 2018 WL 3772397, at *4 (N.D. Ga. Aug. 9, 2018) (finding insufficient "a list of hours and dates" with no explanation of how the plaintiff created the list). Because of the lack of this necessary evidence, Plaintiff has thus failed to meet her burden of establishing a prima facia FLSA unpaid-overtime claim.

In her response, Plaintiff argues that "Defendant fails to assert that it paid Plaintiff all of the overtime she earned." (Dkt. 49 at 1.) But

Plaintiff's logic is flawed. Defendant need not *disprove* Plaintiff's case, rather she must *prove* hers. The burden lies with her to establish her prima facie case, and she has not done so. *See Jackson*, 606 F. App'x at 952. Whether Defendant expressly asserts that it properly paid her for every hour does not affect the Court's determination at summary judgment.

### B. Whether Defendant Knew or Should Have Known of the Overtime Work

As for the second necessary element of an FLSA unpaid-overtime claim, the Court also finds Plaintiff has failed to point to any evidence in the record that Defendant "knew or should have known of the overtime work." *See Bailey*, 776 F.3d at 801. When determining the extent of an employer-defendant's knowledge, "a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge." *Reich v. Dep't of Conservation & Nat. Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (emphasis and internal quotation marks omitted).

Yet an employer is not liable for unpaid overtime if the "employee fails to notify the employer or deliberately prevents the employer from

15

acquiring knowledge of the overtime work." *Debose v. Broward Health*, No. 08-61411-CIV, 2009 WL 4884535, at *32 (S.D. Fla. Dec. 17, 2009) (internal quotation marks omitted); *see also Allen*, 495 F.3d at 1319 ("There is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it.").

Even if she could prove that she worked uncompensated overtime hours, Plaintiff produced no evidence — and also no argument — that Defendant knew or should have known about it. The record contains nothing to support this element of her claim. For instance, she never claims to have alerted Defendant to her concerns. The record contains no evidence that any other employee notified Defendant about potential overtime issues that might have given it reason to know of any mix-ups. And there is nothing in the record about "circumstances [that] should have alerted [Defendant] that [employees] performed work beyond their scheduled hours without pay." *Cf. id.* (crediting multiple plaintiffs' testimonies that their employer was "aware of their work beyond their scheduled hours").

Instead, Defendant points the Court to Plaintiff's admission that she did not follow the official grievance procedure in the employee handbook. (Dkt. 45-3 ¶ 18.) Following the grievance procedure may have given Defendant "reason to believe that its employees" were not being compensated properly, but Plaintiff admits she did not alert Defendant in this way. *See Allen*, 495 F.3d at 1319. She gave Defendant no notice at all that she believed she was not being properly compensated for any overtime. Without that notice — either actual or constructive — Plaintiff's overtime claim necessarily must fail.

The Court finds that Plaintiff has failed to create a genuine issue of material fact about whether she performed work for which Defendant did not pay her and about whether Defendant knew or should have known about it.[3] The Court thus grants Defendant's motion for summary judgment.

---

[3] Because the Court holds that Plaintiff has failed to establish a prima facie case of an unpaid-overtime claim in the first instance, the Court does not address Defendant's statute of limitations argument for willful violations of the FLSA. (*See* Dkt. 45-1 at 21–22.)

17

## IV. Conclusion

The Court **GRANTS** Defendant Willow Wood Nursing Center, Inc.'s Motion for Summary Judgment (Dkt. 45) and **DISMISSES** this matter.

**SO ORDERED** this 30th day of December, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE